Mrs. Thelma Stewart BLACK and Paul Black, Sr., Appellants,

v.

The GREYHOUND CORPORATION, d/b/a Southeastern Greyhound Lines, Appellee.

No. 19584.

United States Court of Appeals Fifth Circuit.

March 6, 1963.

486

Jean E. Johnson, Sr., Marietta, Ga., for appellants.

Robert R. Richardson, Atlanta, Ga., for appellee.

Before JONES and BELL, Circuit Judges, and GROOMS, District Judge.

PER CURIAM.

The appellant, Thelma Stewart Black, brought an action against the appellee, The Greyhound Corporation, seeking damages for personal injuries, pain and suffering resulting from a highway accident where the automobile driven by her was struck from the rear by a Greyhound bus. Her husband, Paul Black, Sr., filed a companion case seeking recovery of medical expense, automobile damage, and loss of his wife's services. The two cases were consolidated, tried before the court without a jury, and a judgment was rendered for The Greyhound Corporation. Mr. and Mrs. Black have appealed.

The district court found that Mrs. Black, traveling north on an eighteen-foot Georgia highway, met a funeral procession proceeding south and stopped in the lane in which she was traveling with the right wheels about a foot off the paving and the left wheels about four feet from the center of the highway. The place where she stopped, and where the collision occurred, was just beyond the crest of a hill and around a curve at a point which was obscured from view by a high embankment. A vehicle traveling north, after coming over the peak of the hill, would be unable to see a car at the place of the accident from a distance of 200 feet. The district court found that the entire highway was blocked by the Blacks' car and the funeral procession; that a ravine on the right prevented a passing of the Blacks' car on that side; that the bus, which was being driven at a lawful speed, could not have been stopped in time to prevent the collision; that the stopping of the car by Mrs. Black was negligence; and that such negligence was the sole proximate cause of the collision. Recovery was denied by the district court.

The sole question presented is whether the evidence sustained the finding that Mrs. Black was negligent and that her negligence was the proximate cause of the injury. We conclude that the findings are not clearly erroneous and, indeed, it seems difficult to see how any other result could have been reached.

The judgment of the district court is Affirmed.